**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AARON DAIGLE (#554337)** | **CIVIL ACTION NO.** |
| **VERSUS** | **23-353-SDD-SDJ** |
| **UNKNOWN GARTRO, ET AL.** | |

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 30, 2024.

*/s/ Scott D. Johnson*
_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AARON DAIGLE (#554337)	CIVIL ACTION NO.

VERSUS	23-353-SDD-SDJ

UNKNOWN GARTRO, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint of Aaron Daigle, who is representing himself and is confined at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that Daigle's federal claims be dismissed as legally frivolous and for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over Daigle's potential state law claims.

### I.    Background

Daigle instituted this action on or about May 9, 2023, against Unknown Gartro, Unknown Wolf, Dustin Unknown, and Unknown Comfort, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] On May 20, 2024, this Court ordered Daigle to amend his claims, advising him that the claims in his Complaint were conclusory and subject to dismissal.[2] Daigle did not avail himself of the opportunity to amend his Complaint. He seeks injunctive and monetary relief.[3]

---

[1] R. Doc. 1.
[2] R. Doc. 5.
[3] R. Doc. 1, p. 5.

## II. Law & Analysis

### a. Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4]  The screening process gives the court the ability to separate those claims that may have merit from those that lack a basis in fact or in law.  Dismissal of any claim that does not pass screening may be made before service of process or before any defendant has answered.  Daigle has sued government officials and prison employees, so his claims are subject to the screening process.

To determine whether a complaint fails to state a claim for purposes of screening under §§ 1915(e) and/or 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[5]  This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6]  To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]  For a complaint to

---

[4] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP").  28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Daigle was granted IFP status on August 8, 2023, so both statutes apply.  R. Doc. 3.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*

survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiffs' claim.[9]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### b. Daigle has Failed to State a Claim for Deliberate Indifference to a Serious Medical Need

To establish liability for deliberate medical indifference, an inmate plaintiff must show "subjective recklessness as used in the criminal law."[14] The claim must meet both an objective test and a subjective test.[15] The objective test requires plaintiffs to show that the alleged constitutional deprivation was, objectively, "sufficiently serious."[16] To meet the subjective test, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[17] Whether the plaintiff has received the treatment or accommodation that she desires is not enough to state a claim for deliberate indifference unless there are exceptional circumstances.[18] Even negligence, neglect, unsuccessful treatment, or medical malpractice, will not generally establish deliberate medical

---

[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009).
[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[11] *Id.*, at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[14] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[15] *Id*., at 837.
[16] *Id.*, at 834, quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).
[17] *Id.*
[18] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).

indifference.[19] Rather, the deliberate indifference standard sets a very high bar: the plaintiff must be able to show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct" that would clearly demonstrate a complete disregard for a serious medical need.[20]

Daigle alleges that he had a seizure and Defendants failed to properly assess Daigle and neglected to "fully" give him medical treatment.[21] Daigle's allegations are conclusory and fail to meet the high standard required to demonstrate deliberate indifference.[22] He has failed to give any details regarding his medical needs and the inactions/actions of the Defendants rendering the claims subject to dismissal.[23] Daigle also alleges that Defendants were unprofessional and destroyed Daigle's sick call requests.[24] Throwing away sick call requests does not state a viable claim under § 1983, as long as Daigle was given appropriate medical care.[25] As noted, none of the conclusory allegations demonstrate Daigle was not given appropriate medical care, so Daigle has also failed to state a claim in this regard.

### c. Daigle Should Not Be Given Another Chance to Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[26] "Granting leave to amend, however, is not required if the plaintiff has

---

[19] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).
[20] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[21] R. Doc. 1, p. 4.
[22] *See Boutire v. Paiz*, No. 17-10, 2017 WL 7248975, at (3-4 (S.D. Tex. July 28, 2017) (conclusory allegations that a defendant acted with deliberate indifference without specific facts describing how each defendant denied proper medical treatment is insufficient to state a claim).
[23] *See Gottke v. Dixon Correctional Institute*, No. , 2024 WL 3908562, at *2 (M.D. La. Aug. 7, 2024) (dismissing claim that defendants denied plaintiff treatment without further details as conclusory).
[24] R. Doc. 1, p. 4.
[25] *See Dixon v. MDOC Officials, et al*, No. 09-251, 2010 WL 5297163, at fn. 24 (S.D. Miss. Nov. 23, 2010).
[26] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

4

already pleaded her best case."²⁷  Further, leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"²⁸

The Court specifically ordered Plaintiff to amend his complaint to better explain, and provide support for, his claims.  Daigle failed to avail himself of this opportunity.  Courts are not required to give multiple chances to amend, even to a plaintiff who is representing himself.²⁹ This is especially true when, as here, the Court told Plaintiff what issues he needed to address and what information he needed to provide. Because Daigle failed to file an amended complaint when ordered, he should not be given another chance to amend if leave is requested.

### d. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Daigle seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.   Having recommended that Daigle's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction over any potential state law claims be declined.

---

²⁷ *Id.*
²⁸ *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016), citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).
²⁹ *See, e.g.*, *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165, at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service*, No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, *2 (M.D. La. Nov. 7, 2018).

**RECOMMENDATION**

**IT IS RECOMMENDED** that Aaron Daigle's federal claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim, that the Court decline to exercise supplemental jurisdiction over potential state law claims, and that the case be **CLOSED**.[30]

Signed in Baton Rouge, Louisiana, on September 30, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the ruling will count as a strike.